## CURTIS v. UTAH FUEL CO. et al.
### (two cases).

Civil Actions Nos. 728, 2800.

District Court, D. New Jersey.

April 13, 1944.

See, also, 2 F.R.D. 570, 132 F.2d 321.

Nicholas J. Curtis, pro se.

H. Collin Minton, Jr., of Trenton, N. J., pro se, and for Utah Fuel Co.

William V. Rosenkrans, of Paterson, N. J., pro se, and for Addison P. Rosenkrans.

George A. Cella, of Trenton, N. J., for George Lavdas and Louis Antonopoulos.

Constantine Donato, of Trenton, N. J., for Savoy Restaurant, Inc., and James Millas.

FAKE, District Judge.

Motions are made to dismiss the complaints herein on two basic grounds:

First, it is alleged that the two documents filed as complaints fail to disclose valid claims;

Second, that plaintiff is an incompetent person and therefore has no right to sue in the absence of a guardian.

The complaint filed in the action seeking an injunction (No. 2800) is so involved, disconnected and incoherent as to be fatally defective. It therefore must be dismissed. As to civil action No. 728 it appears that either by failure of service or by the setting aside of service all defendants have been dismissed save the defendant, Utah Fuel Company. The allegations against this remaining defendant disclose alleged claims which have long since been outlawed by the statute of limitations. However, in the absence of an answer pleading the statute of limitations, the complaint cannot be dismissed at this time.

The history of the activities of this plaintiff in the Courts of the District of Columbia and in the state and federal courts of the States of Utah, New York and New Jersey extending over a period of many years presents an amazing record of incoherence and futility. Many hours have been devoted to a study of the voluminous data brought to the attention of the Court in this connection. However,

I do not deem it necessary at this stage of the case to pass upon the question of plaintiff's capacity to sue as a party.

■ The affidavit of bias and prejudice filed in this cause is dismissed because it was not filed within the time required by the statute; because it is incoherent and because it contains no certificate of counsel setting forth that the application was made in good faith.

An order will be entered in conformity with the foregoing conclusions.